UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THERESA QUEZADA, as the parent
and legal guardian of REBECCA BOYD,
a minor child, TONYA PAREDES, as
the parent and legal guardian of
TESSA PAREDES, a minor child, KIM
BATTAGLIA, RHONDA QUEZADA, ROSENDO
QUEZADA, LORI KESLING, as the
parent and legal guardian of MEAGAN
KESLING, a minor child, CRYSTAL
BOYD, individually and as the
parent and legal guardian of MARY-
TERESA ROJAS-BOYD and ESPERANZA ANN
DELGADO-BOYD, and DIANE DAVIDSON,
individually and as the parent and
legal guardian of SAMUEL MAYES,

Plaintiffs,

vs.                              Case No.  2:04-cv-190-FtM-33DNF

CIRCLE K STORES, INC., doing
business as Circle K,

Defendant.
_____/

### ORDER

This matter comes before the Court upon the filing of a Motion
to Dismiss Negligent Retention and Intentional Infliction of
Emotional Distress Counts (Doc. #36) by the Defendant on November
9, 2004. On April 19, 2005, the Court entered an Order (Doc. #45)
directing the Plaintiffs to respond to the motion within eleven
days. On May 2, 2005, Plaintiffs requested a ten-day extension to
enter a response to Defendant's motion to dismiss (Doc. #48), which
the Court granted (Doc. #49). The Plaintiffs filed their response
(Doc. #51) on May 17, 2005.

## I.    Background

Plaintiffs Theresa Quezada and Tonya Paredes filed a Complaint in state court on January 29, 2004 alleging that Circle-K's negligence caused the Plaintiffs to contract tuberculosis. (Doc. #3.)  Circle-K removed the action to this Court on April 1, 2004 based on diversity jurisdiction under 28 U.S.C. §1332(a).  (Doc. #1.)  On October 21, 2004, the Plaintiffs filed an Amended Complaint (Doc. #33) adding the other Plaintiffs and alleging negligence, negligent retention, and intentional infliction of emotional distress.

The Complaint alleges as follows.  Plaintiff Theresa Quezada was an employee of Circle-K.  (Doc. #33 at 3.)  While employed by Circle-K, Quezada worked with Emma Messer.   (Doc. #33 at 3.) Messer tested positive for tuberculosis during her employment with Circle-K.  (Doc. #33 at 3.)  Circle-K was on notice that Messer tested positive for tuberculosis, but failed to take any action to protect Quezada, her family and friends, customers of Circle-K, and the general public from exposure to tuberculosis by Messer.  (Doc. #33 at 5.)

Circle-K filed a Motion to Dismiss Negligent Retention and Intentional Infliction of Emotional Distress Counts (Doc. #36) for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2

## II.   Standard of Review

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party.   See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).   Dismissal of a count for failure to state a claim is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1293 (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A.  Negligent Retention

Florida recognizes a cause of action for negligent retention where an employer becomes aware, during the course of an employee's employment, of "problems with an employee that indicate his unfitness, but the employer fails to take further action, such as investigation, discharge or reassignment."   Garcia v. Duffy, 492 So.2d 435, 438-39 (Fla. 2d DCA 1986).   An employer is only liable, however, for acts committed by his employee where the employer knows or should have known that the employee is predisposed to committing a wrong."   Id. at 439.

Under Florida law, the underlying wrong allegedly committed by

3

an employee in a negligent retention claim must be based on an injury resulting from a tort which is recognized under common law. Scelta v. Delicatessen Support Servs., Inc., 57 F. Supp.2d 1327, 1348 (M.D. Fla. 1999). From the face of the Amended Complaint, it appears the Plaintiffs are alleging Messer negligently transmitted a contagious or infectious disease, tuberculosis.

While Florida recognizes a cause of action for battery for infecting another with a sexually transmissible disease, see Hogan v. Tavzel, 660 So.2d 350, 352 (Fla. 5 DCA 1995), it does not recognize a cause of action for negligent transmission of a contagious or infectious disease. Because the underlying wrong allegedly committed by Messer—negligent transmission of a contagious disease—is not actionable under Florida common law, an action for negligent retention based upon injuries resulting from negligent transmission of a contagious disease is likewise not actionable. Therefore, the negligent retention counts are dismissed.

### B. Intentional Infliction of Emotional Distress

To establish a cause of action against Circle-K for intentional infliction of emotional distress under Florida law, the Plaintiffs must show: "(i) deliberate or reckless infliction mental suffering (ii) by outrageous conduct; (iii) which conduct must have caused the suffering; and (iv) the suffering must have been severe." Stires v. Carnival Corp., 243 F. Supp.2d 1313, 1319 (M.D.

4

Fla. 2002). Whether conduct is sufficiently outrageous or intolerable is a question of law. Id.

Liability will be found only where the conduct has been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metro. Life Ins. Co. v. McCarson, 467 So.2d 277, 278-79 (Fla. 1985). Only in "extremely rare circumstances" will courts uphold claims for intentional infliction of emotional distress. Gonzalez-Jimenez de Ruiz v. U.S., 231 F. Supp.2d 1187, 1199 (M.D. Fla. 2002). Reviewing the Plaintiffs' allegations in light of applicable case law, Circle-K's alleged conduct was not sufficiently outrageous and extreme as is required to support a claim for intentional infliction of emotional distress. Therefore, the Plaintiff's claims for intentional infliction of emotion distress are dismissed.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

The Motion to Dismiss Negligent Retention and Intentional Infliction of Emotional Distress Counts (Doc. #36) filed by Circle-K is **GRANTED**. Counts II, III, V, VI, VIII, IX, XI, XII, VIX, XV, XVII, XVIII, XX, XXI, XXIII, XXIV, XXVI, XXVII, XXIX, XXX, XXXII, XXXIII, XXXV and XXXVI are hereby dismissed without prejudice.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this
_____ day of July, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of record

6