UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THERESA QUEZADA, individually and as legal guardian of REBECCA BOYD, a minor, TONYA PAREDES, as the parent and legal guardian of TESSA PAREDES, a minor, DIANNE DAVIDSON, individually and as the parent and legal guardian of SAMUEL MAYES, a minor, CRYSTAL BOYD, individually and as the parent and legal guardian of MARY-TERESA ROJAS-BOYD and ESPERANZA ANN DELGADO-BOYD, minors, LORI KESLING, as the parent and legal guardian of MEAGAN KESLING, a minor, ROSENDO QUEZADA, RHONDA QUEZADA and KIM BATTAGLIA,

           Plaintiffs,

vs.                                    Case No.   2:04-cv-190-FtM-33DNF

CIRCLE K STORES, INC., d/b/a Circle K,

           Defendant.
_____/

**<u>ORDER</u>**

This matter comes before the Court on Defendant's Dispositive Motion for Final Summary Judgment as to the Claim of Plaintiff Theresa Quezada and Incorporated Memorandum of Law (Doc. #42). Six months have elapsed since Circle-K filed its motion. Moreover, on November 11, 2005, a notice was filed advising of the pendency of the instant motion (Doc. #64). To date, Quezada has not filed a

response.  For the reasons stated below, the Court grants Circle-K's motion.[1]

## I. Facts

On October 10, 1997, Quezada began her employment with Circle-K. (Doc. #42, Ex. A).  Several years later, on November 12, 1999, Circle-K hired Messer. (Doc. #42, Ex. B).  On February 9, 2000, Quezada resigned her position with Circle-K. (Doc. #42, Ex. A).  A little over two months later, Circle-K fired Messer for violating company policy. (Doc. #42, Ex. B).  On September 13, 2000, Messer submitted to a tuberculosis examination. (Doc. #44, Ex. C-4 at 117).  On September 15, 2000, Messner received the results, indicating that she tested positive for tuberculosis. (Doc. #44, Ex. C-4 at 117).

Quezada alleges that at some point during her employment with Circle-K she contracted tuberculosis from Messer.  Further, Quezada alleges that Circle-K knew or should have known that Messer had tuberculosis, and Circle-K's failure to apprise Quezada of that fact constituted negligence.  Responding, Circle-K avers that even if Messer had tuberculosis while employed at Circle-K, it had no knowledge of Messer's condition during the course of her employment.  In so alleging, Circle-K identifies that Messer herself did not become aware of her condition until

---

[1] Since Circle-K's motion for summary judgment is solely against the claim of plaintiff Theresa Quezada, the Court's grant of summary judgment is limited to Theresa Quezada.

September 15, 2000. (Doc. #42 at 3). Further, Circle-K avers that Quezada has not presented any evidence showing that Circle-K knew or had reason to know of Messer's condition. (Doc. #42 at 6).

## II. Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co.,

Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples *ex rel.* Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).

### III. Analysis

In moving for summary judgment, Circle-K rests mainly on the contention that Quezada fails to establish two elements of her negligence claim: (1) duty and (2) causation. In Humphreys v.

General Motors Corp., 839 F. Supp. 822 (N.D. Fla. 1993), the Court stated that:

> The crucial question for the court is whether there is a "genuine issue" of fact concerning any essential element of the claim on which judgment is being sought. If the moving party can show that there is no evidence whatever to establish one or more essential elements of a claim on which the opposing party has the burden of proof, trial would be a bootless exercise, fated for an inevitable result but at continued expense for the parties, the preemption of a trial date that might have been used for other litigants waiting impatiently in the judicial queue, and a burden on the court and taxpayers.

Id. at 825(citing Fontenot v. Upjohn Co., 780 F.2d 1190 (5th Cir. 1986)).

In Florida, the essential elements of a negligence claim are:

> (1) a legal duty on the part of the defendant towards the plaintiff under the circumstances;
>
> (2) a breach of that duty by the defendant;
>
> (3) the defendant's breach of duty was both the actual and proximate cause of the plaintiff's injuries; and
>
> (4) the defendant suffered damages as a result of the breach.

Id. at 829 (citing Paterson v. Deeb, 472 So. 2d 1210, 1214 (Fla. 1st DCA 1985); Simon v. Tampa Electric Co., 202 So. 2d 209 (Fla. 2d DCA 1967)). Here, Quezada has presented no evidence. Instead, Quezada rests simply on her pleadings. In her complaint, Quezada alleges that "[d]uring [][her] employment with Circle-K at the Nocatee store, Messer tested positive for [t]uberculosis." (Doc. #33 at 3). Continuing, Quezada further alleges that "Circle-K owed

-5-

a duty to Quezada to warn her of any dangerous conditions it knew or should have known of at its store, including exposure to a deadly disease such as TB Messer tested positive for." (Doc. #33 at 4). In so alleging, Quezada presumes that Circle-K either knew or should have known of Messer's tuberculosis. However, other then these allegations, Quezada puts forth no evidence to verify these claims.

The Supreme Court opinion in <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970), reinforces the admonition in <u>Humphreys</u>. In <u>Adickes</u>, the Supreme Court noted that in the 1963 amendment to the Federal Rules of Civil Procedure, the drafters intended to overturn a line of cases "that had held that a party opposing summary judgment could successfully create a dispute as to a material fact asserted in an affidavit by the moving party simply by relying on a contrary allegation in a well-pleaded complaint." <u>Id.</u> at 161 n.20 (citing Advisory Committee Note on 1963 Amendment to subdivision (e) of Rule 56). While Circle-K has not submitted an affidavit, it has submitted Messer's medical records which indicate that Messer did not test positive for tuberculosis until September 15, 2000 –an averment that contradicts Quezada's allegation that Messer tested positive for tuberculosis while working at Circle-K.

While the Court recognizes that the non-moving party is not always required to submit evidence to withstand summary judgment, "it has always been perilous for the opposing party neither to

proffer any countering evidentiary materials nor file a 56(f) affidavit." Id. (quoting 6 J. Moore, Federal Practice para. 56.22[2], pp. 2824-2825 (2d ed. 1966)).

However, "the party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden then he is not entitled to judgment. No defense to an insufficient showing is required." Id. In its motion for summary judgment, Circle-K has made a sufficient showing. Circle-K has provided Messer's medical records which indicate that Messer did not test positive for tuberculosis until over six months after Quezada resigned from Circle-K. Strengthening their contention that Messer did not test positive for tuberculosis while working at Circle-K, Circle-K points to section 392.53(1), Florida Statutes, which requires:

> [e]ach person who makes a diagnosis of tuberculosis or who treats a person with tuberculosis and each laboratory that performs a test on a specimen that reveals the presence of the tubercule bacilli shall report or cause to be reported such facts to the department in addition to other facts that the department requires by rule to be reported, within a time specified by rule of the department, which period must not exceed 72 hours after the presence of tuberculosis is discovered.

Further, failure to so notify results in a civil penalty. See § 392.53(4), Fla. Stat. Quezada provides no proof of such a filing. Taken together, Circle-K has presented sufficient evidence to meet its burden that there is no genuine issue of material fact for the jury to decide. Upon satisfying this

-7-

requirement, the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact:

> [w]hen a motion for summary judgment is made and supported as provide in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

See FED. R. CIV. P. 56(e). In failing to submit a response or any additional evidence, Quezada has failed to meet this burden. Instead, failing to heed Rule 56's warning, Quezada rests on her pleadings. As Quezada's pleadings provide no more then conclusory allegations unsupported by any evidence, Quezada fails to raise a genuine issue of fact. Consequently, Defendant's motion for summary judgment should be granted. Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

Defendant's Dispositive Motion for Final Summary Judgment as to the Claim of Plaintiff Theresa Quezada (Doc. #42) is GRANTED. Accordingly, the Court grants judgment for Circle K as to Count I of the amended complaint (Doc. #33).

**DONE and ORDERED** at Fort Myers, Florida, this 13th day of December, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record